Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| ANTONIO A. RIVERA MATOS<br><br>Recurrido<br><br>V.<br><br>COOPERATIVA DE VIVIENDAS ROLLING HILLS, ET ALS.<br><br>Peticionario | KLCE202400569 | Recurso de *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm.: CA2023CV01138<br><br>Sobre:<br><br>Revisión Judicial Ley de Sociedad Cooperativas |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, el Juez Marrero Guerrero y la Jueza Boria Vizcarrondo

Marrero Guerrero, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 12 de julio de 2024.

Comparece la Cooperativa de Viviendas Rolling Hills (en adelante, la Cooperativa o parte peticionaria) y solicita que revoquemos una Sentencia dictada y notificada el 9 de febrero de 2024 por el Tribunal de Primera Instancia, Sala Superior de Carolina (TPI).[1] Mediante esta, el TPI revocó la determinación de la Junta de Directores de la Cooperativa (en adelante, la Junta de Directores) en la que se ordenó la expulsión del Sr. Antonio A. Rivera Matos (en adelante, señor Rivera Matos o recurrido) como socio de la parte peticionaria. Además, ordenó una nueva notificación y celebración de vista para dar de baja como socio al señor Rivera Matos de la Cooperativa.

Por los fundamentos que expondremos a continuación, *expedimos* el auto de *certiorari* y *revocamos* la determinación recurrida.

---

[1] Apéndice del recurso de la parte peticionaria, Anejo 22, págs. 482-494.

**-I-**

Como trasfondo al asunto que nos ocupa, es necesario destacar que, el 26 de mayo de 2017, en el caso Iris Quiles Sepúlveda vs. Antonio Rivera Matos, número 2017-002-L-07, la Junta de Directores de la Cooperativa emitió una *Resolución*.[2] En esta, impuso al señor Rivera Matos un período probatorio de dos (2) años, una penalidad de quinientos dólares ($500.00) y el pago de honorarios legales por la cantidad de mil setecientos dólares ($1,700.00), para un total de dos mil doscientos dólares ($2,200.00). Esto, al considerar que, conforme al Reglamento de la Cooperativa y la Ley Núm. 239 de 2004, Ley General de Sociedades Cooperativas de Puerto Rico (en adelante, Ley Núm. 239-2004), el socio incurrió en conducta indebida que afectó la paz y tranquilidad de la querellante, la señora Quiles Sepúlveda, en su unidad de vivienda.

Después de varios incidentes, el 9 de mayo de 2019, la Junta de Directores envió al señor Rivera Matos, por medio de correo certificado, una *Notificación de Cargos y Citación a Vista de Mostrar Causa ante la Junta de Directores por Incumplimiento de Pago de Penalidades y Violación a Probatoria*.[3] A través de esta citación, se le informó al señor Rivera Matos que había incurrido en conducta indebida durante su período probatorio y que no había cumplido con los pagos ordenados en la *Resolución* del 26 de mayo de 2017. Por ello, se le citó a una vista para que mostrara causa por la cual no debía ser dado de baja como socio de la Cooperativa. La vista fue programada para el 20 de mayo de 2019, a las 7:00 p.m.

El 20 de mayo de 2019, se celebró la antes indicada vista sobre incumplimiento con el pago de penalidades y violación de probatoria sin la presencia del señor Rivera Matos, ya que éste no

---

[2] *Íd.*, Anejo 1, págs. 56-65. Archivada y notificada en autos el 27 de mayo de 2019.
[3] *Íd.*, págs. 23-36.

asistió. Como resultado del procedimiento, la Junta de Directores decidió expulsarlo de la posesión de su unidad de vivienda.

El 24 de mayo de 2019, el señor Rivera Matos envió a la Junta de Directores, a través de correo electrónico, una *Urgente Moción de Desestimación*.[4] En síntesis, alegó que: (1) el 21 de mayo de 2019 se enteró de un proceso administrativo en su contra por alegado incumplimiento con el pago de sanciones impuestas en el caso Iris Quiles Sepúlveda vs. Antonio Rivera Matos, 2017-002-L07; (2) la Junta de Directores y su administración, a sabiendas de que él se encontraba fuera de la jurisdicción desde el 1 de diciembre de 2018, entablaron un proceso frívolo con la intención de expulsarlo como socio sin garantizarle el debido proceso de ley; (3) el 21 de mayo de 2019, la hermana del recurrido recibió una carta en la que citaban al señor Rivera Matos a una vista ante la Junta de Directores el 20 de mayo de 2019; (4) la Junta de Directores celebró una vista sin haber quedado notificado el señor Rivera Matos, según lo establece el Reglamento interno de la Cooperativa y el estado de derecho vigente, por lo que la decisión tomada por dicha Junta es nula por falta de jurisdicción sobre su persona; (5) la Junta de Directores no cumplió con el Reglamento interno ni con el Artículo 35.4 de la Ley Núm. 239-2004; y (6) la querella número 2017-002-L07 está pendiente de adjudicación ante la Corporación Pública para la Supervisión de Cooperativas de Puerto Rico (en adelante, COSSEC), por lo que la Junta de Directores debió esperar la decisión de dicha agencia.

El 7 de junio de 2019, la Junta de Directores emitió una *Resolución* en la que decidió acoger la solicitud de desestimación del señor Rivera Santos como una moción de reconsideración.[5] En esencia, determinó que el socio no compareció a la vista y no hubo

---

[4] *Íd.*, págs. 37-41.
[5] *Íd.*, págs. 85-93.

justa causa para su ausencia. Además, confirmó la separación del señor Rivera Matos como socio de la Cooperativa y otorgó un término de treinta (30) días para que desalojara la unidad.

El 21 de junio de 2019, el señor Rivera Matos presentó una *Moción de Reconsideración* ante la Junta de Directores.[6] En resumen, argumentó que: (1) la notificación de la *Resolución de baja* emitida el 7 de junio de 2019 no fue enviada a su representante legal, lo que constituyó una grave violación a su debido proceso de ley; (2) no procede atender la *Urgente Moción de Desestimación* como una reconsideración, según el estado de derecho vigente; (3) la Junta de Directores incumplió con la Sección 5.3(a) del Artículo VIII del Reglamento de la Cooperativa, relacionada con el proceso de expulsión y medidas correctivas; y (4) la Junta de Directores intenta ejercutar actuaciones ilegales pendientes de adjudicación ante la COSSEC sobre los procesos llevados a cabo en la querella Iris Quiles Sepúlveda vs. Antonio Rivera Matos, 2017-002-L07. Finalmente, solicitó la desestimación de la *Resolución de baja,* debido a que las multas y penalidades están bajo la jurisdicción de la COSSEC. A su vez, sostuvo que la Junta no posee jurisdicción sobre su persona.

Por consiguiente, el 25 de junio de 2019, la Junta de Directores, a través de la oficial examinadora, la Sra. Lourdes María Torres Esteves, emitió una *Notificación sobre Reconsideración.*[7] En esta, detalló una serie de recomendaciones sobre cómo atender la solicitud de desestimación y la solicitud de reconsideración presentadas por el recurrido. Específicamente, recomendó mantener la expulsión del socio debido a su conducta reprochable y a la falta de pago del dinero adeudado, entre otros aspectos.

---

[6] *Íd.,* págs. 94-102.
[7] *Íd.,* págs. 105-108. La *Notificación sobre Reconsideración* fue notificada el 1 de julio de 2019 por correo certificado.

Después de varios procesos en el Tribunal de Primera Instancia y en el Tribunal de Apelaciones que resulta innecesario pormenorizar aquí, el 15 de marzo de 2023, la Junta de Directores emitió una *Resolución*.[8] La misma fue notificada el 16 de marzo de 2023. Tras evaluar las recomendaciones de la Oficial Examinadora, la deuda pendiente del señor Rivera Matos, lo dispuesto en la Ley Núm. 239-2004, la solicitud de reconsideración y la petición de desestimación, la Junta de Directores reiteró su decisión de declarar no ha lugar los señalamientos del recurrido y mantener su expulsión.

Así las cosas, el 17 de abril de 2023, el señor Rivera Matos presentó una *Petición de Revisión Judicial* en la que impugnó las determinaciones tomadas en su contra por parte de la Junta de Directores y su presidente, el Sr. Rolando Calderón Padilla.[9] En específico, alegó que: (1) a pesar de que la Junta de Directores tenía conocimiento de que se encontraba fuera de Puerto Rico, lo citó para una vista; (2) la citación no cumplió con el Reglamento de la Cooperativa que requiere que la notificación de la citación sea realizada diez (10) días antes de su celebración; (3) a pesar de que la Junta de Directores no tenía prueba de la notificación de acuse de recibo de la citación, celebró el proceso administrativo; (4) luego de la celebración de la vista, la hermana del recurrido recogió su correspondencia, por lo que el recurrido se enteró de la citación en una fecha posterior a la vista; y (5) el asunto de las multas y las penalidades que la Junta está reclamando están bajo la jurisdicción de la COSSEC.

En virtud de lo anterior, sostuvo que: (1) la Junta de Directores, al celebrar la vista en ausencia para dar de baja al señor Rivera como socio, violó su debido proceso de ley ya que no le

---

[8] *Íd.*, págs. 150-152. La resolución fue titulada: *Exposición de Hechos.*
[9] *Íd.,* págs. 1-22.

permitió mostrar causa por la cual no pocedía la celebración de la vista para reclamar el pago de multas y penalidades que estaban pendientes de adjudicación ante la COSSEC; (2) la Junta erró al acoger la moción de desestimación como una solicitud de reconsideración sin haber emitido previamente una resolución; y (3) procede revocar la notificación de la *Resolución* emitida el 15 de marzo y notificada el 16 de marzo de 2023, ya que fue notificada fuera del término jurisdiccional de treinta (30) días.

El 30 de mayo de 2023, la Cooperativa presentó el *Alegato de la Parte Recurrida.*[10] En síntesis, alegó que: (1) no ha mediado acción estatal en este caso, por lo que no se puede alegar una violación al derecho constitucional de un debido proceso de ley; (2) en cuanto a la notificación, no hubo violación al debido proceso de ley ya que se realizó por correo certificado a la dirección del señor Rivera Matos, conforme al Artículo 36.5(a) de la Ley Núm. 239-2004; (3) el término de la notificación no se cuenta desde que la persona la recibe, sino desde la fecha en que se deposita en el correo; (4) la Junta no puede asumir que el recurrido se encontraba fuera de la jurisdicción desde diciembre de 2018, fecha a la que alude en su escrito, ya que un socio no puede ausentarse de su unidad por más de tres (3) meses; (5) ante la COSSEC se cuestionaron las multas y penalidades impuestas contra el señor Rivera Matos, pero la agencia desestimó el asunto por falta de jurisdicción; (6) luego de la desestimación en COSSEC comenzó el proceso de expulsión, por lo que la Junta tiene jurisdicción sobre la materia; (7) la Junta podía atender la solicitud de desestimación como una reconsideración respecto a lo ocurrido en la vista, la notificación del querellado y la justificación para su ausencia, ya que eran asuntos inherentes al proceso y podían atenderse en la Resolución de baja; (8) atender la desestimación

---

[10] *Íd.,* Anejo 7, págs. 162-178.

como una reconsideración no afectó los derechos del recurrido, ya que fue notificada el 7 de junio de 2019; y (9) en este caso, se pretende imponer un término jurisdiccional que no está contemplado en la ley, pero si se considerara que existe un plazo para que la Junta resuelva una moción de reconsideración, lo único que se vería afectado sería la solicitud de reconsideración y no todas las decisiones emitidas en el caso.

El 9 de febrero de 2024, el TPI emitió una *Sentencia* en la que declaró ha lugar la petición de revisión presentada por el recurrido respecto a su primer señalamiento de error.[11] En específico, determinó que la Junta de Directores celebró la vista de expulsión del señor Rivera Matos sin haberlo notificado adecuadamente, de acuerdo con lo dispuesto por la Ley Núm. 239-2004. Esto se fundamentó en que, según las determinaciones de hecho, el 21 de mayo de 2019, el US Postal Service entregó la notificación de la vista en la dirección del señor Rivera Matos, aunque la vista ya se había celebrado el 20 de mayo de 2019.

Además, el foro primario concluyó que, conforme a los artículos sobre notificación de vistas para procedimientos de expulsión contemplados en la Ley Núm. 239-2004, lo determinante es la fecha de recibo de la notificación y no la fecha del envío. Asimismo, subrayó que la Ley Núm. 239-2004 establece que la vista debe celebrarse como mínimo diez (10) días después del recibo de la notificación para garantizar el debido proceso que se otorga a los socios de cooperativas. Por lo tanto, ordenó que se notifique personalmente o por correo certificado al recurrido sobre una nueva vista y que dicha vista se celebre conforme a los términos establecidos en la ley.

---

[11] *Íd.,* Anejo 22, págs. 482-494.

El 23 de febrero de 2024, la Cooperativa presentó una *Moción de Reconsideración*.[12] Por su parte, el 30 de marzo de 2024, el señor Rivera Matos presentó una *Moción en Cumplir Orden sobre Oposición a Moción de Reconsideración*.[13] Sin embargo, el 23 de abril de 2024, el foro de instancia emitió una *Resolución* en la que declaró no ha lugar la solicitud de reconsideración.[14]

Inconforme, el 23 de mayo de 2024, la Cooperativa acudió ante nosotros mediante el recurso de *certiorari* e imputó la comisión de los siguientes errores:

1. Erró el Honorable Tribunal a Quo al interpretar que el proceso de expulsión de un socio de una Cooperativa de Vivienda se rige por el Art. 9.5 de la Ley 239-2004 y no por las disposiciones del capítulo 35 del mismo texto legal [a]plicables de manera especial a cooperativas de vivienda.

2. Erró el nisi prius al resolver que el término de diez (10) días para notificar la vista de expulsión se cuenta desde que se recibe la notificación y no desde el depósito en el correo mediante correo certificado.

**-II-**

**-A-**

El *certiorari* es un recurso extraordinario cuya característica se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *McNeil McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403-404, (2021); *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020), *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012). Este Tribunal tiene la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del TPI. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008).

La Regla 52.1 de Procedimiento Civil de 2009, según enmendada, Ap. V, R. 52.1, establece las instancias en las que este tribunal posee autoridad para expedir el auto de *certiorari* sobre

---

[12] *Íd.*, Anejo 23, págs. 495-506.
[13] *Íd.*, Anejo 27, págs. 510-517.
[14] *Íd.*, Anejo 28, págs. 518-521.

materia civil. *Scotiabank de Puerto Rico v. ZAF Corporation, et als.*, 202 DPR 478 (2019). Por su parte, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, prescribe los criterios que debemos tomar en consideración al momento de determinar si expedimos o denegamos el auto solicitado:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

De no estar presente algunos de estos criterios, corresponde abstenernos de expedir el auto de *certiorari.*

**-B-**

El proceso de interpretación de las leyes, conocido como hermenéutica legal, tiene como objetivo precisar qué es lo que ha querido decir el legislador o la legisladora. *Pueblo v. Roche*, 195 DPR 791, 804 (2016). Nuestro ordenamiento jurídico establece ciertas normas de hermenéutica legal, las cuales, en mayor o menor medida, se imponen como principios rectores en la función adjudicativa de los tribunales. *Const. José Carro v. Mun. Dorado*, 186 DPR 113, 126 (2012). Entre tales principios, se destaca aquel contenido en el Artículo 19 del Código Civil, 31 LPRA § 5341, establece que "**[c]uando la ley es clara y libre de toda ambigüedad, la letra de ella no debe ser menospreciada bajo el pretexto de cumplir su espíritu**". (Énfasis nuestro).

**-C-**

La Ley Núm. 239 de 2004, conocida como la Ley General de Sociedades Corporativas de Puerto Rico de 2004, 5 LPRA §§ 4381-4667, tiene como propósito dirigir el desarrollo social y económico de Puerto Rico bajo los principios de justicia social, esfuerzo propio y control democrático del cooperativismo. Véase Exposición de Motivos de la Ley Núm. 239-2004. En ese contexto, las cooperativas constituidas conforme a esta legislación pueden ser de trabajadores, consumidores, vivienda, usuarios y mixtas, y dedicarse a servicios, producción, o a ambas actividades. Art. 3.3 de la Ley Núm. 239-2004, 5 LPRA § 4390.

En relación con las socias o socios de una cooperativa, estos pueden ser separados y privados de sus derechos por las siguientes razones: (1) fallecimiento del socio; (2) renuncia del socio; (3) **expulsión del socio**; o (4) disolución de la cooperativa. *Íd.*, Art. 9.0, § 4441.

Respecto a la expulsión, la Junta de Directores que se constituya para tal fin podrá separar o expulsar a un socio de la cooperativa si determina que el socio ha incurrido en una o más de las siguientes causas:

> a. ha actuado en contra de los intereses de la cooperativa o de sus fines y propósitos;
>
> b. ha incurrido en mora en el cumplimiento de sus obligaciones con la cooperativa, habiéndole previamente notificado de su incumplimiento;
>
> c. ha realizado actos impropios que perjudiquen moral o materialmente a la cooperativa;
>
> d. ha infringido las disposiciones de esta Ley;
>
> e. ha incurrido en cualquier falta considerada por el reglamento como causa de separación;
>
> f. ha expedido o cobrado a través de la cooperativa cheques fraudulentos o sin fondos suficientes para su pago, y en violación a las disposiciones del Código Penal de Puerto Rico; o
>
> g. ha dejado voluntariamente de realizar los trabajos asignados como socio de una cooperativa de trabajadores.

*Íd.*, Art. 9.4, § 4445.

Además, el Artículo 9.5 de la ley establece el procedimiento de separación ante la Junta. Específicamente, dispone que:

Cuando la Junta determine que procede una acción para separar un socio, deberá notificar por correo certificado al socio afectado, especificando las causas para ello. La notificación lo citará a comparecer ante la Junta, que celebrará una vista administrativa dentro de un término no menor de diez (10) días ni mayor de Treinta (30) días desde el recibo de la notificación.

El socio afectado podrá asistir a la vista acompañado de abogado, y tendrá derecho a examinar la prueba presentada en su contra, a contrainterrogar testigos y a ofrecer prueba en su favor. La Junta evaluará la prueba presentada y emitirá su decisión dentro del plazo de quince (15) días a partir de la vista administrativa y notificará a la parte afectada por correo certificado dentro de cinco (5) días siguientes a la fecha que se emita la decisión. Toda decisión de la Junta separando a un socio de una cooperativa será efectiva desde la fecha de notificación al socio afectado. **En cuanto a las cooperativas de vivienda se aplicará lo dispuesto en los Artículos 35.4 al 35.8 de esta Ley.**

*Íd.*, § 4446. (Énfasis nuestro).

**-D-**

Cabe destacar que el Capítulo 35 de la Ley Núm. 239-2004 incluye artículos específicos para las cooperativas de vivienda. Entre ellos, el Artículo 35.5 dispone que, cuando un socio incumple con sus obligaciones de pago a la cooperativa o incurre en conducta indebida, según lo definido en el Artículo 35.4 de esta Ley, la Junta de Directores podrá, previa citación y vista, tomar las siguientes determinaciones:

[…]

c. imponer las penalidades que sean justas y proporcionales a la conducta incurrida incluyendo condiciones o términos probatorios en adición a las que por reglamento se permitan;

[…]

e. separarlo como socio privándolo de sus derechos como tal y concederle un término de treinta (30) días para que desaloje la unidad. […]

Todas las determinaciones de la Junta deberán tomarse dentro de los (30) días siguientes a la fecha de la celebración de la vista e informarse al socio a su última dirección conocida, personalmente o por correo certificado; en un plazo no mayor de diez (10) días a partir de la toma de tal decisión.

*Íd.*, Artículo 35.5, § 4585.

En caso de que la Junta de Directores decida separar a un socio y privarlo de sus derechos y beneficios en la cooperativa, deberá seguir el siguiente procedimiento:

> a. **La Junta deberá concederle al socio la oportunidad previa de ser escuchado en vista celebrada ante ellos, previa notificación realizada <u>por lo menos diez (10) días antes de la vista</u>. La notificación se efectuará personalmente o por correo certificado a la última dirección conocida del socio.**
>
> b. La notificación deberá incluir la fecha, sitio y hora de la vista, una declaración de la autoridad legal para celebrar la vista, y una declaración corta de las alegaciones en contra del socio.
>
> c. La vista se llevará a cabo de forma sencilla e informal, sin necesidad de cumplir estrictamente con el procedimiento procesal y evidenciario establecido para el sistema adjudicativo, administrativo y judicial.
>
> d. El socio podrá ir representado o asistido por un abogado.
>
> e. **Si el socio no compareciere a la vista y no justifica su ausencia, la Junta podrá proceder a separarlo como socio, privándole en su totalidad de los derechos que tenga como tal y concederle un término de treinta (30) días para que desaloje la unidad.**

*Íd.*, Artículo 35.6, § 4586. (Énfasis nuestro).

**-III-**

Después de una revisión minuciosa del expediente del caso y en el ejercicio de nuestra discreción, entendemos que en el presente asunto resulta meritoria la expedición del auto de *certiorari*.

En esencia, nos corresponde determinar si el foro primario incidió al concluir que la Junta de Directores de la Cooperativa celebró la vista de expulsión del señor Rivera Matos sin notificarle adecuadamente, según lo dispuesto por la Ley Núm. 239-2004, por lo que exige la celebración de una nueva vista con la notificación previa correspondiente.

En su primer señalamiento de error, la parte peticionaria alega que el TPI erró al interpretar que el proceso de expulsión de un socio de una cooperativa de vivienda se rige por el Artículo 9.5

de la Ley Núm. 239-2004, en lugar de las disposiciones del Capítulo 35 de la misma Ley, que son específicamente aplicables a cooperativas de vivienda. Le asiste la razón.

De acuerdo con nuestro ordenamiento jurídico, la hermenéutica legal tiene como objetivo precisar qué es lo que ha querido decir el legislador o la legisladora sobre una legislación aprobada. *Pueblo v. Roche*, supra, pág. 804. En ese sentido, "[c]uando la ley es clara y libre de toda ambigüedad, la letra de ella no debe ser menospreciada bajo el pretexto de cumplir su espíritu".

Según la Ley Núm. 239-2004, como regla general, la acción para separar a un socio o socia de una cooperativa se regirá por el Artículo 9.5, 5 LPRA § 4446. Sin embargo, dicho artículo especifica claramente que, **en el caso de las cooperativas de vivienda**, se aplicarán las disposiciones de los Artículos 35.4 al 35.8 de esta Ley.

Según fuera citado en la Parte II de esta Sentencia, **la última oración del Artículo 9.5 de la Ley aplicable excluye de forma expresa las disposiciones de ese artículo a los procesos de expulsión en cooperativas de vivienda**. En otras palabras, la ley requiere que el proceso de expulsión de un socio de una cooperativa de vivienda se realice de manera diferente al de una cooperativa regular, conforme al proceso especifico allí dispuesto. En ese sentido, es forzoso concluir que el TPI cometió el primer error señalado por la parte peticionaria.

En segundo lugar, la Cooperativa plantea que el foro primario erró al resolver que el término de diez (10) días para notificar la vista de expulsión se cuenta desde que se recibe la notificación y no desde el depósito en el correo mediante correo certificado. Le asiste la razón.

De conformidad con lo dispuesto en el Artículo 35.6, en caso de que la Junta de Directores decida separar a un socio y privarlo de sus derechos y beneficios en la cooperativa, deberá concederle la

oportunidad previa de ser escuchado en una vista celebrada ante ellos, "**previa notificación realizada por los menos diez (10) días antes de la vista.**" *Íd.*, Artículo 35.6, § 4586. (Énfasis nuestro). Además, "**[l]a notificación se efectuará personalmente o por correo certificado a la última dirección conocida del socio.**" *Íd.* (Énfasis nuestro).

Por lo tanto, el artículo anterior establece los requisitos de notificación que deben cumplirse antes de privar a un socio de su categoría. Según nuestra interpretación, **la redacción no considera que la fecha de la notificación se cuenta desde que el socio querellado la recibe personalmente o por correo certificado.** Por otro lado, reconocemos que el Artículo 9.5 dispone que, cuando la Junta determine que procede una acción para separar a un socio, deberá notificarlo y dicha notificación "lo citará a comparecer ante la Junta, que celebrará una vista administrativa dentro de un término no menor de diez (10) días ni mayor de treinta (30) días desde el recibo de la notificación." De acuerdo con ello, el TPI en su Sentencia concluyó que "[e]l Art. 9.5 incluye el ser notificado por correo certificado de las causas que podrían dar pie a su separación como socio, y especifica que en dicha notificación se le debe citar para una vista que debe celebrarse luego del día 10 y antes del 30 de "*recibir*" dicha notificación.[15] Sin embargo, previamente, al resolver el primer señalamiento de error, hemos señalado que el Artículo 9.5 no es aplicable en los casos relacionados con cooperativas de viviendas. El interpretar lo contrario, tendría el efecto de quebrantar el interés público perseguido mediante la autorización de cooperativas de vivienda, y el funcionamiento ordenado de estas, al establecer un procedimiento que estaría en cierto modo limitado por el arbitrio de un socio que

---

[15] Apéndice del recurso de la parte peticionaria, Anejo 22, pág. 493.

presumiblemente ha incumplido con alguna de las normas de la cooperativa en la medida que ésta persona controle cuando decide recibir o no una notificación.

En consideración a lo anterior, concluimos que el TPI cometió el segundo error señalado por la parte peticionaria.

Ahora bien, una vez superados los fundamentos legales, consideramos necesario devolver el asunto al foro primario para que, reciba prueba y dilucide, mediante el recibo de prueba, las alegaciones de que el señor Rivera Matos estaba fuera de la jurisdicción de Puerto Rico y que la Cooperativa tenía conocimiento de ello cuando decidió cursarle la notificación.

### -IV-

Por los fundamentos que anteceden, *expedimos* el auto de *certiorari* solicitado por la Cooperativa de Viviendas Rolling Hills y *revocamos* la determinación del foro primario. Se devuelve el asunto al TPI para la continuación de los procedimientos de manera consistente con lo dispuesto en esta Sentencia.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones